Citation Nr: 1523821 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 09-29 488 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a rating in excess of 20 percent for diabetes mellitus, type II.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C.S. De Leo, Associate Counsel



REMAND

The Veteran had active military service from January 1960 to April 1968 and from June 1968 to August 1982.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2008 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO), in St. Petersburg, Florida.

In December 2012, the Board remanded this case for additional development, to include scheduling the Veteran for a VA examination and obtaining outstanding VA and private treatment records. Additionally, the Board expressed concern that the Veteran may not have received notice of a hearing that had been scheduled in January 2011. Thus, the remand instructed the agency of original jurisdiction (AOJ) to contact the Veteran and clarify whether he still desired to have a Board hearing. A review of the claims file, to include the Virtual VA and VBMS electronic files does not reveal any attempt to contact the Veteran with respect to a Board hearing. 

Also, the December 2012 remand instructed the AOJ to obtain private treatment records from Dr. S. In January 2013, the AOJ sent a letter to the Veteran requesting that he submit a VA Form 21-4142, Authorization and Consent to Release Information for Dr. S. In February 2013, the Veteran submitted two copies of VA Form 21-4142 in order for the AOJ to request treatment records from Dr. P.F.A. and Dr. A.S.B. In correspondence dated in February 2013, the AOJ requested the Veteran's treatment records from both clinicians. Thereafter, in March 2013, records from Dr. P.F.A. were received; however, there was no response from Dr. A.S.B. to the February 2013 request for records. There was no notice provided to the Veteran that the AOJ had been unable to obtain these records. As such, the AOJ must notify the Veteran and his representative to allow them the opportunity to procure the records. See 38 C.F.R. § 3.159(e)(1). Accordingly, to the extent that there has not been substantial compliance with the December 2012 remand directives, a remand is once again necessary. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

Finally, the Veteran, through his representative, asserts that the symptoms of his service-connected diabetes are more severely disabling than the current 20 percent rating reflects. Specifically, he asserts that symptoms have become progressively worse in that he is prescribed insulin daily, is on a restricted diet, and avoids both strenuous occupational activities and strenuous recreational activities. See May 2015 Appellant's Brief located in VBMS. 

Pursuant to the Board's December 2012 remand, in January 2013, the Veteran was afforded a VA examination to evaluate the severity of his service-connected diabetes. Since that time, the Veteran's statements support the claim that worsening of his service-connected diabetes may have occurred. Id. 

In this regard, the Board notes that following the January 2013 VA examination, the AOJ issued a supplemental statement of the case in March 2013. The AOJ indicated that evidence included treatment reports from Adler Podiatry Clinic dated from July 2010 to January 2013. The record shows that the treatment records were received in March 2013, approximately 2 months after the Veteran underwent a VA examination to evaluate the severity of his service-connected diabetes. Accordingly, on remand, a VA examination should be provided to assess the current severity of the Veteran's service-connected disability, which examination should include consideration of the records obtained from Adler Podiatry Clinic. 

Finally, as this matter is being remanded for the reasons set forth above, attempts should also be made to obtain any outstanding treatment records (VA or private) relevant to the appeal.

Accordingly, the case is REMANDED for the following action:

1. Undertake appropriate development to obtain any outstanding medical records (VA or private) relevant to the appeal. Any additional records identified by the Veteran should be obtained and associated with the claims file. (Consent to obtain records should be obtained where necessary.) Additionally, the Veteran and his representative must be notified of the inability to obtain private treatment records from Dr. A.S.B. 38 C.F.R. § 3.159(e) (2014).

2. Thereafter, afford the Veteran a VA examination to determine the current severity of his diabetes mellitus. Specifically, the examiner is asked to address any private records received from Dr. A.S.B. (review should include the records from Adler Podiatry Clinic and records obtained pursuant to the development sought in paragraph 1 above), and determine whether the Veteran's diabetes mellitus requires regulation of activities. ("Regulation of activities" is defined as the "avoidance of strenuous occupational and recreational activities." 38 C.F.R. § 4.119, Diagnostic Code 7913 (2014). Evidence is required to show that a restriction of activities is medically indicated; mere allegation by the claimant does not suffice. Camacho v. Nicholson, 21 Vet. App. 360, 364 (2007).) 

The examiner must provide a rationale for each opinion expressed. If an opinion cannot be made without resort to speculation, the examiner must provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made. 

3. After undertaking any additional development deemed appropriate, the originating agency should re-adjudicate the issue on appeal. If the benefit sought is not granted, a supplemental statement of the case should be issued. The Veteran and his representative should be given opportunity to respond.

4. Finally, contact the Veteran to determine whether he desires to reschedule a Board hearing. (The Veteran may wish to take the initiative by contacting the RO about his intent regarding a Board hearing.) If the Veteran so desires, schedule a Board hearing at the earliest available opportunity. The AOJ should notify the Veteran and his representative of the date and time of the hearing. (Note that a return address on an envelope used by the Veteran in March 2014 to mail information to VA shows a different city than previously used by the AOJ.)

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This case must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



________________________________
MARK F. HALSEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).